# Attachment B

# Comparison of Key Aspects of Parties' Proposed Scheduling and Case Management Provisions

### Provision – Numbers of Trial Witnesses

| Para. | United States' Proposed Language in Relevant Part |
|---|---|
| 21 | "United States is limited to 25 persons on its preliminary trial witness list, and the Defendants collectively are limited to 25 persons on their preliminary trial witness list. . . . The United States is limited to 20 persons on its final trial witness list, and the Defendants collectively are limited to 20 persons on their final trial witness list." |

| Para. | Defendants' Proposed Language in Relevant Part |
|---|---|
| 20 | "The United States is limited to 15 persons on its preliminary trial witness list, and the Defendants collectively are limited to 15 persons on their preliminary trial witness list. . . . The United States is limited to 10 persons on its final trial witness list, and the Defendants collectively are limited to 10 persons on their final trial witness list." |

**Discussion**: Defendants propose limiting each side to a final trial witness list of just ten individuals, including expert witnesses. Such a limitation is unreasonable—for example, an even allocation of witnesses across the four relevant product markets would mean that the United States would be limited to no more than two witness per product market, plus an economic expert and one competitor, and no opportunity to call defendants' employees. In contrast, the United States' proposal for 25 persons on initial trial lists and 20 persons on final trial lists is appropriately tailored to the number of disputed issues in this case and will allow for the full development and presentment of relevant evidence at trial.[1] Further, this proposal is again consistent with case management orders for antitrust merger trials in this district. *See* Scheduling and Case Management Order at 7–8, *United States v. Deere*, No. 1:16-cv-08515 (N.D. Ill. Sept. 27, 2016), ECF No. 61 (20 witnesses per side); Agreed Scheduling and Case Management Order at 4–5, *United States v. JBS, S.A.*, No. 1:08-cv-05992 (N.D. Ill. Nov. 25, 2008), ECF No. 68 (25 witnesses per side).

---

[1] If the Court adopts the United States' proposal for number of trial witnesses, then the United States' proposed number of depositions of fact witnesses similarly would be necessary to allow for sufficient discovery to ascertain the appropriate witnesses for trial.

**Provision – Number of Hours for Certain Party Depositions**

| Para. | United States' Proposed Language in Relevant Part |
|---|---|
| 13 | "Depositions of fact witnesses are limited to no more than one (7-hour) day each unless otherwise stipulated." |

| Para. | Defendants' Proposed Language in Relevant Part |
|---|---|
| 12 | "Depositions of fact witnesses are limited to no more than one (7-hour) day each unless otherwise stipulated, except that all depositions of officers or other employees of Defendants whose depositions were taken during the Investigation are limited to a maximum of 4 hours of examination each." |

**Discussion**: Defendants propose limiting depositions of party witnesses of whom an investigative deposition was taken to only four hours per witness. As explained in the United States' Memorandum, courts have long recognized that a government agency's pre-complaint investigation is not a substitute for, nor should it limit, post-complaint discovery. Yet that is precisely what defendants' proposed four-hour deposition time limit would do. Unlike investigative depositions, civil litigation depositions here would focus on proving the merits of the United States' case as opposed to whether an enforcement action is appropriate. Additionally, the United States may need to obtain discovery for events following the cut-off date of defendants' investigative discovery productions.

**Schedule – Exchange of Expert Reports**

| United States' Proposed Language in Relevant Part | Proposed Date |
|---|---|
| Parties serve Rule 26(a)(2)(B) initial expert witness disclosures that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions. | September 20, 2019 |
| Parties serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by another Party under Rule 26(a)(2)(B). | October 4, 2019 |
| Parties serve supplemental/rebuttal expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by another Party under Rule 26(a)(2)(D)(ii). | October 23, 2019 |
| Close of expert discovery. | October 30, 2019 |
| Defendants' Proposed Language in Relevant Part | Proposed Date |
| Plaintiff serves its Rule 26(a)(2)(B) initial expert witness disclosures containing complete statements of all opinions the expert witness will express at trial, and the basis and reasons for those opinions. | August 23, 2019 |
| Defendants serve their Rule 26(a)(2)(B) initial expert witness disclosures containing complete statements of all opinions the expert witness will express at trial, and the basis and reasons for those opinions. | August 30, 2019 |
| Plaintiff serves Rule 26(a)(2)(D)(ii) expert witness disclosures as to matters intended solely to contradict or rebut evidence on the same subject matter identified by Defendants under Rule 26(a)(2)(B). | September 6, 2019 |
| Defendants serve Rule 26(a)(2)(D)(ii) expert witness disclosures as to matters intended solely to contradict or rebut evidence on the same subject matter identified by Plaintiff under Rule 26(a)(2)(B). | September 11, 2019 |
| Close of expert discovery. | September 19, 2019 |

**Discussion**: As explained in the United States' Memorandum, defendants' schedule for expert reports is untenable. In sum, it provides for only 19 days for four rounds of reports. On the other hand, the United States' proposal provides for 33 days for three rounds of reports, which is a reasonable, albeit expedited, schedule. Additionally, consistent with United States' burden of proof, the United States' proposal concludes with a third-round of reports in which the United States' expert has the opportunity to rebut criticism of its initial report; whereas, defendants propose to conclude with a fourth round in which defendants' expert has the last word.